Cook *v.* Armstrong et al.

WILLIAM O. COOK *vs.* ANDREW ARMSTRONG et al.

The sale of the original judgment was absolutely void, because it had been satisfied by the forfeiture of the forthcoming bond given by the defendant in the judgment.

The court could only have ordered a sale upon the return of *nulla bona;* but as to the original judgment, no such return was ever made.

On appeal from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The bill filed in this case states, that on the 24th day of October, 1842, a judgment was rendered in favor of Andrew Armstrong, in the circuit court of Monroe county, Mississippi, against William O. Cook, as principal, and Walton and Vaughn, securities, for the sum of eight hundred and eighteen dollars; that execution issued, and was bonded by the said William O. Cook, and Henry Cook as security, to the April Term, 1843, of said court. From this judgment, upon the forfeited forthcoming bond, various executions issued and were returned *nulla bona.*

That at the October Term, 1846, of the said circuit court, on the application of Austin Pollard, clerk, an order was duly made for the sale of this judgment for costs; that on the 4th day of October, 1847, after due notice, the sheriff of Monroe county sold this judgment, and that Austin Pollard, as the agent of the said William O. Cook, purchased the judgment for three hundred and ten dollars.

That on the 15th December, 1849, the said Austin Pollard transferred this judgment to Andrew Armstrong, the plaintiff in the judgment, in violation of the rights of the said William O. Cook, who thereafter caused an execution to issue from the same, as if it had never been sold, &c.

The answer of Pollard admits the fact, that the judgment was obtained. Admits the sale, but denies the purchase for the complainant as his agent; denies that the conveyance of the 15th December, 1849, was without consideration; says that $32 was paid him for the same. An answer of Andrew Armstrong is on file, not sworn to, which denies the allegations contained in the bill. Francis S. Lyon has answered under oath, who admits the facts stated by Pollard to be true, with the further facts, that this note, at the time it was executed, was the *bonâ fide* property of the Branch Bank of the State of Alabama, at Mobile, and that since this judgment has been obtained, this Branch Bank, by a statute of Alabama, has been put in liquidation, and that he, Lyon, is the sole trustee and commissioner to prosecute suits and settle the affairs of

the same. The court below dismissed the bill, and Cook appealed to this court.

*R. Davis*, for plaintiff in error.

*Goodwin* and *Sale*, for defendants in error.

Mr. Justice FISHER delivered the opinion of the court.

The complainant filed his bill in the vice-chancery court at Fulton, alleging that in 1842 the defendant, Armstrong, recovered a judgment in the circuit court of Monroe county, against the complainant, for the sum of $818, besides costs of suit. That an execution was issued upon this judgment, forthcoming bond taken by virtue of a levy of the execution; and that the bond was returned forfeited. That an execution was issued upon the bond, and returned *nulla bona.* That in 1846, Austin Pollard, the clerk of the circuit court of said county, moved the court for a sale of the said judgment on the bond, for the payment of the costs, &c., which motion was granted, and the judgment ordered to be sold.

The bill also alleges, that at the sale of the judgment in 1849, Pollard became the purchaser thereof, as the agent of the complainant, who was defendant therein, at the price of $310; and that said Pollard, in fraud and violation of his agreement, has transferred said judgment to Armstrong, the plaintiff therein.

The answer shows that no sale of the judgment on the bond was ever ordered, but that it was of the original judgment. This part of the answer is fully sustained by the records of the court. It also appears, that the complainant has not paid any part of the said $310.

The sale of the original judgment was absolutely void. It was satisfied by the forfeiture of the bond. The court could only order a sale upon a return of *nulla bona.* As to the original judgment, no such return has ever been made.

The only injury which the complainant can sustain, will be the loss of an opportunity to speculate upon his own indebtedness, arising from his own default in discharging the judgment

6 *

of the court. If he had, at the sale, the sum of $310 with which to purchase the judgment, he could have paid the costs, and to this extent have discharged the judgment of the court against him.

Decree affirmed.